# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOBILE HEALTH INNOVATIVE SOLUTIONS, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　Defendant. | Case No. 2:24-CV-00014-JRG |

### JOINT STIPULATION REGARDING APPLE'S MOTION TO DISMISS

On March 18, 2024, Defendant Apple Inc. ("Apple") filed its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(3) or to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6) ("Motion"). In the Motion, Apple informed the Court that the parties disagreed on whether prior claim construction was needed to inform the Court's analysis as to patentability. Pursuant to the Court's Standing Order Regarding Motions Under 35 U.S.C. § 101 and Accompanying Certifications in Cases Assigned to United States District Judge Rodney Gilstrap ("Standing Order"), in the event of such disagreement, the parties are required to "submit a joint letter containing not more than two (2) pages from each side (four pages total) to the Court within ten (10) days from the filing of the § 101 motion, setting forth their respective specifics surrounding such disagreement, including, in particular, any claim terms that the respondent believes need to be construed, why such is needed, and what intrinsic references support such position." *See* Standing Order Regarding Motions Under 35 U.S.C. § 101 and Accompanying Certifications in Cases Assigned to United States District Judge Rodney Gilstrap.

1

On March 25, 2024, Apple reached out to Plaintiff to begin the process of compiling each side's respective positions for the letter.  In response, Plaintiff has informed Apple that it will either move to dismiss or amend its Complaint and that Apple's Motion would therefore be moot.

The parties understand that the Court generally finds that amended complaints render motions to dismiss moot.  *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions … moot."); *see also Bishop Display Tech LLC v. Samsung Elecs. Co., Ltd.*, Case No. 2:21-cv-00139-JRG, Dkt. No. 40 (E.D. Tex. Oct. 4, 2021) ("Once Plaintiff filed its amended complaint, the Motion became moot."); *Ultravision Technologies, LLC v. Eaton Corp. PLC*, No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 7, 2019) ("Accordingly, the filing of an amended complaint moots a motion to dismiss the original complaint.").  Mobile Health's voluntary dismissal of its suit would likewise render Apple's motion to dismiss moot.  *See* Fed. R. Civ. P. 41(a); *Kelly v. Citibank, N.A.*, 2015 WL 11121070, at *1 (E.D. Tex. Feb. 11, 2015) (granting plaintiffs' motion for voluntary dismissal and denying defendant's motion to dismiss moot).

In light of Plaintiff's representation that it will be voluntarily dismissing or amending its complaint, and the fact that such amendment would render the Motion moot, the parties will not be filing the joint letter called for in the Court's Standing Order so as not to burden the Court with potentially unnecessary filings.  The parties file this Stipulation to notify the Court of this development regarding Plaintiff's stated intent to amend its complaint.  Apple reserves its right to file another motion to dismiss if it determines that the amended complaint does not cure the deficiencies identified in the Motion.  If a joint letter as contemplated in the Standing Order is called for in support of future motion practice, the parties will file the same at the appropriate time.

Dated: March 28, 2024  Respectfully submitted,

/s/ René A. Vazquez
———————————————
Randall Garteiser
Texas Bar No. 24038912
M. Scott Fuller
Texas Bar No. 24036607
**GARTEISER HONEA, PLLC**
119 West Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile:  (903) 405-3999
Email: rgarteiser@ghiplaw.com
Email: sfuller@ghiplaw.com

René A. Vazquez
Virginia Bar No. 41988
Email: rvazquez@sinergialaw.com

*Counsel for Plaintiff*
*Mobile Health Innovative Solutions, LLC*


/s/ Melissa R. Smith
———————————————
Sarah R. Frazier (*pro hac vice*)
Sarah B. Petty (*pro hac vice*)
Courtney C. Merrill (*pro hac vice*)
**WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: sarah.frazier@wilmerhale.com
Email: sarah.petty@wilmerhale.com
Email: courtney.merrill@wilmerhale.com

Mark D. Selwyn (*pro hac vice*)
Joseph F. Haag (*pro hac vice*)
Thomas G. Sprankling (*pro hac vice*)
Jungyeon Kim (*pro hac vice*)
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA  94306

Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: mark.selwyn@wilmerhale.com
Email: joseph.haag@wilmerhale.com
Email: thomas.sprankling@wilmerhale.com
Email: john.kim@wilmerhale.com

Steven Horn (*pro hac vice*)
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: steven.horn@wilmerhale.com

Vikram Iyer (*pro hac vice*)
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
Email: vikram.iyer@wilmerhale.com

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically and served on all counsel of record by the Court's CM/ECF system on March 28, 2024.

By: <i>/s/ Melissa R. Smith</i><br>
Melissa R. Smith